IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02524-BNB

TRAVIS IRA HLADIK,

    Plaintiff,

v.

DEPT. OF CORRECTIONS "CLASSIFICATIONS," and
EXECUTIVE DIRECTOR RICK RAEMISCH,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Travis Ira Hladik, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Hladik has filed *pro se* a Prisoner Complaint (ECF No. 4) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution have been violated because he is classified as a sex offender. As relief he asks that his sex offender classification be changed and that he not be required to participate in sex offender treatment.

    Mr. Hladik has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims Mr. Hladik is asserting are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will

dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Hladik is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Hladik asserts two related claims for relief. In claim one he objects to being classified as a sex offender, and the concomitant requirement that he participate in sex offender treatment, because the classification is based on a misdemeanor sex offense conviction that is fifteen years old; he has no other sex offense convictions that would warrant being classified as a sex offender; he has discharged the sentence imposed as a result of the misdemeanor sex offense conviction; he no longer is required to register as a sex offender in connection with the misdemeanor sex offense conviction; and he previously participated in sex offender treatment when he was incarcerated for the misdemeanor sex offense conviction. Mr. Hladik does not identify the constitutional right allegedly violated in connection with his allegations in claim one. He specifically contends in claim two that he has been denied due process because he was not given notice or an opportunity to be heard prior to being classified as a sex offender and he is not allowed to progress within the DOC because of his current sex offender classification and a lack of access to sex offender treatment. The Court construes the

claims together as raising a single due process violation.

The United States Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Hladik does not contend that he has been deprived of life or property. Therefore, his due process claim depends upon the existence of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84.

Potential adverse consequences that may result from a prison inmate's classification as a sex offender can give rise to a protected liberty interest. *See Chambers v. Colorado Dep't of Corrections*, 205 F.3d 1237, 1242-43 (10th Cir. 2000). However,

> a plaintiff asserting that the government has violated the Due Process Clause by impugning his or her good name, reputation, honor, or integrity, must demonstrate that: (1) the government made a statement about him or her that is sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she asserts is false, and (2) the plaintiff experienced some governmentally imposed burden that significantly altered [his or] her status as a matter of state law.

*Gwinn v. Awmiller*, 354 F.3d 1211, 1218-19 (10th Cir. 2004) (internal citation and quotation marks omitted, alteration in original).

3

In the instant action Mr. Hladik concedes that his classification as a sex offender is premised on his prior conviction for a misdemeanor sex offense.  Because he was convicted of a sex offense, the fact that he is a sex offender is not capable of being proved false.  Thus, Mr. Hladik's classification as a sex offender does not implicate a constitutionally protected liberty interest.  *See Daniels v. Arapahoe Cnty. Dist. Court*, 376 F. App'x 851, 854-55 (10th Cir. 2010) (concluding that prison inmate classified as a sex offender based on prior conviction for a sex offense "has no due process right to a hearing to contest the sexual basis of his classification" because he was not deprived of a liberty interest); *see also Jennings v. Owens*, 602 F.3d 652, 657-59 (5th Cir. 2010) (finding that parolee challenging sex offender special conditions was not deprived of a liberty interest because sex offender label was based on prior conviction for sex offense).  In the absence of a protected liberty interest, Mr. Hladik is not entitled to notice, a hearing, or any other process prior to being classified as a sex offender by the DOC.  Alternatively, even if Mr. Hladik's sex offender classification did implicate a constitutionally protected liberty interest, his conviction for a sex offense means he is not entitled to any further process prior to being classified as a sex offender.  *See Neal v. Shimoda*, 131 F.3d 818, 831 (9th Cir. 1997) (concluding that "[a]n inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process.").

For these reasons, the due process claim is legally frivolous and the action will be dismissed.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma*

*pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  27th  day of   October  , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court